John DECKER and his Wife
Mary Decker, Relators,

v.

The Honorable Tony LINDSAY, Judge
of the 280th District Court of Harris
County, Texas, Respondent.

No. 01–91–01299–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 15, 1992.

Richard Warren Mithoff, Scott Rothenberg, Joseph D. Jamail, Janet Evans, Houston, for relators.

Kathleen Walsh Beirne, Marc Sheiness, Houston, for respondent.

Before SAM H. BASS, DUNN and HUGHES, JJ.

## OPINION

SAM H. BASS, Justice.

We are faced with two questions today: (1) Can a party be compelled to participate in an alternative dispute resolution (ADR) procedure despite its objections?, and (2) Have relators established their right to mandamus relief?

John and Mary Decker, relators, seek mandamus relief against respondent, Judge Tony Lindsay, who signed an order on October 18, 1991 referring their suit against

Jordan Mintz,[1] the real party in interest, to mediation under TEX.CIV.PRAC. & REM.CODE ANN. § 154.021(a) (Vernon Supp.1992).

Judge Lindsay's mediation order was made on her own motion, without any hearing. She consulted with neither party before entering her order. See TEX.CIV.PRAC. & REM.CODE ANN. § 154.021(b) (Vernon Supp.1992). However, only relators objected to the referral (timely, on November 1, 1991), and they submitted their objections for a ruling without oral argument. TEX. CIV.PRAC. & REM.CODE ANN. § 154.022(b) (Vernon Supp.1992). Judge Lindsay overruled their objections on November 22, 1991. See TEX.CIV.PRAC. & REM.CODE ANN. § 154.022(c) (Vernon Supp.1992). Relators filed this proceeding on December 3, 1991.

The October 18, 1991, order requires the parties to agree on a mediation date "within the next 30 days," or by November 18, 1991. If no agreed date is scheduled, the order provides that the mediator will select a date within the next 60 days, or by December 18, 1991. The order also reads, "TO BE MEDIATED PRIOR TO TRIAL SETTING OF 1–20–92."

We are concerned primarily with the following provisions of Judge Lindsay's order:

Mediation is a *mandatory but non-binding settlement conference,* conducted with the assistance of the Mediator....

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, shall be paid by the parties directly to the Mediator, and shall be taxed as costs. *Each party and counsel will be bound by the Rules for Mediation printed on the back of this Order....*

Named parties shall be present during the entire mediation process.... *Counsel and parties shall proceed in a good faith effort to try to resolve this case....*

Referral to mediation is not a substitute for trial, and the case will be tried if not settled.

(Emphasis added.)

Two of the Rules for Mediation, affixed to the order, are relevant to our discussion:

---

1. *Decker v. Mintz,* No. 90–46678 (Dist. Ct. of Harris County, 280th Judicial Dist. of Texas).

2. Agreement of the Parties. Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

. . . .

6. Commitment to Participate in Good Faith. While no one is asked to commit to settle their dispute in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). Mandamus relief may be afforded where the trial court's order is void. *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). However, the order of the trial court must be one beyond the power of the court to enter; it is not enough that the order is merely erroneous. *Id.* at 689. The relator bears the burden of establishing his entitlement to mandamus relief. *Johnson*, 700 S.W.2d at 917.

Relators assert Judge Lindsay's order is void and constitutes a clear abuse of discretion for the following reasons, which they also stated in their objection to mediation filed with the trial court: (1) the lawsuit arises out of a simple rear-end car collision, where the only issues are negligence, proximate cause, and damages; (2) trial is likely to last for only two days; (3) it is relators' opinion that mediation will not resolve the lawsuit, and they have not agreed to pay fees to the mediator; (4) mediation may cause relators to compromise their potential cause of action under the *Stowers*[2] doctrine; (5) the law does not favor alternative dispute resolution where one of the litigants objects to it and when the litigants have been ordered to pay for it; and (6) court-ordered mediation, over the relators'

objection and at their cost, violates their right to due process under the fifth and fourteenth amendments to the United States Constitution and article I, section 13 of the Texas Constitution and their right to open courts under article I, section 13 of the Texas Constitution.

The real party in interest disputes relators' contention that the lawsuit and its issues are simple. The real party in interest has raised the defense of unavoidable accident and asserts that the parties have wide-ranging disagreement over Mr. Decker's claimed economic and medical damages.

Relators contend that trial will last for only two days. Consequently, it will take only slightly more time than the mediation ordered. However, the proposed joint pretrial order, signed by counsel for the relators and counsel for the real party in interest, provides an estimated trial time of three to four days.

While relators assert that mediation will not resolve the lawsuit, the real party in interest suggests that in a day invested in mediation, where communication between the parties is facilitated, relators may change their evaluation of the lawsuit.

Under TEX.CIV.PRAC. & REM.CODE ANN. § 154.054(a) (Vernon Supp.1992), the court may set a reasonable fee for the services of an impartial third party appointed to facilitate an ADR procedure. Unless otherwise agreed by the parties, the court must tax the fee as other costs of the suit. TEX.CIV. PRAC. & REM.CODE ANN. § 154.054(b) (Vernon Supp.1992). No fee was ever set for the mediation in this case. On December 6, 1991, after this proceeding was filed, the mediator advised the parties that she waived her fee in the case.

■ We cannot say that Judge Lindsay abused her discretion in impliedly finding the first three reasons advanced by relators were not reasonable objections to court-ordered mediation. Mediation may be beneficial even if relators believe it will

2. *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, holding approved).

not resolve the lawsuit. The statute certainly allows a reasonable fee to be charged, and relators never challenged the reasonableness of the fee, but now the fee issue is moot.

■ Concerning relators' remaining objections, Texas law recognizes that an insurer has a duty to the insured to settle a lawsuit if a prudent person in the exercise of ordinary care would do so. *G.A. Stowers Furniture Co.*, 15 S.W.2d at 547; *American Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 250 (Tex.App.—Houston [1st Dist.] 1991, writ granted). If an ordinarily prudent person would have settled the lawsuit, and the insurer failed or refused to do so, it is liable to the insured for the amount of damages eventually recovered in excess of the policy limits. *American Centennial Insurance Co.*, 810 S.W.2d at 251. Relators assert that an insured, for example the real party in interest here, frequently assigns to the plaintiff his *Stowers* rights against his insurer, in return for a covenant that the plaintiff will not execute on the insured's personal assets. Therefore, relators contend that by ordering them to mediation, Judge Lindsay is interfering with their right to preserve a potential cause of action against the liability insurer of the real party in interest.

First, relators have no *Stowers* rights against the liability insurer of the real party in interest. *See American Centennial Ins. Co.*, 810 S.W.2d at 250–51. Second, there has been no trial; there has been no judgment; there has been no assignment of the real party in interest's *Stowers* rights to relators; there has been no determination that a reasonably prudent person would have decided, at the time relators made their offer, to settle the litigation for the policy limits. A *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final. *Street v. Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex.1988, orig. proceeding). We cannot say that Judge Lindsay abused her discretion in impliedly finding that court-ordered mediation would not cause relators

to compromise a potential cause of action under *Stowers*.

Relators rely on *Simpson v. Canales*, 806 S.W.2d 802 (Tex.1991), for their contention that the law does not favor alternative dispute resolution procedures where one of the parties objects to it and when the parties are compelled to pay for it. Relators' reliance on *Simpson* is misplaced. In *Simpson*, the supreme court found that the trial court abused its discretion in appointing a master to supervise all discovery because the "exceptional cases/good cause" criteria of Tex.R.Civ.P. 171 had not been met and the blanket reference of all discovery was unjustified. 806 S.W.2d at 811–12. Although the supreme court commented that the parties had been ordered to pay for resolution of discovery issues by a master that other litigants obtained from the court without such expense, the matter of expense was not a basis for the court's decision. *See* 806 S.W.2d at 812.

■ Relators also argue that chapter 154 of the Texas Civil Practice and Remedies Code presents a "voluntary" procedure, and that mandatory referral to a paid mediator is not within its scope.

Section 154.002 expresses the general policy that "peaceable resolution of disputes" is to be encouraged through "voluntary settlement procedures." Tex.Civ. Prac. & Rem.Code Ann. § 154.002 (Vernon Supp.1992). Courts are admonished to carry out this policy. Tex.Civ.Prac. & Rem. Code Ann. § 154.003 (Vernon Supp.1992). A court cannot force the disputants to peaceably resolve their differences, but it can compel them to sit down with each other.

Section 154.021(a) authorizes a trial court *on its motion* to refer a dispute to an ADR procedure. However, if a party objects, *and there is a reasonable basis* for the objection, the court may not refer the dispute to an ADR procedure. Tex.Civ.Prac. & Rem.Code Ann. § 154.022(c). The corollary of this provision is that a court may refer the dispute to an ADR procedure if it finds there is no reasonable basis for the objection. A person appointed to facilitate an ADR procedure may not compel the

parties to mediate (negotiate) or coerce the parties to enter into a settlement agreement. TEX.CIV.PRAC. & REM.CODE ANN. § 154.053(b) (Vernon Supp.1992). A mediator may not impose his or her own judgment on the issues for that of the parties. TEX.CIV.PRAC. & REM.CODE ANN. § 154.023(b) (Vernon Supp.1992).

■ Therefore, the policy of section 154.-002 is consistent with a scheme where a court refers a dispute to an ADR procedure, requiring the parties to come together in court-ordered ADR procedures, but no one can compel the parties to negotiate or settle a dispute unless they voluntarily and mutually agree to do so. Any inconsistencies in chapter 154 can be resolved to give effect to a dominant legislative intent to compel referral, but not resolution. *See, e.g., Southern Canal Co. v. State Bd. of Water Eng'rs,* 159 Tex. 227, 318 S.W.2d 619, 624 (1958).

However, Judge Lindsay's order does not comport with the scheme set forth in chapter 154. Her order, and the mediation rules that are a part of it, do more than require the parties to come together; they require them to "negotiate" in good faith and attempt to reach a settlement.

Finally, relators object to Judge Lindsay's order on the constitutional grounds of due process and open courts.

Relators' brief does not contain any argument or authorities supporting their contention that their due process rights under the fifth and fourteenth amendments to the United States Constitution and article I, section 13 of the Texas Constitution have been violated. Therefore, they have not demonstrated their entitlement to mandamus relief on this ground. *See Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 813 (1959). They have not brought forth contentions that chapter 154 is in and of itself unconstitutional.

Relators contend that under the "capable of repetition yet evading review" doctrine, the constitutionality of the mediator's fee under the open courts provision should be addressed. They argue that subsequent litigants attempting to challenge the "mediation for pay" orders being issued by trial courts should not be forced to expend substantial sums in filing petitions for writ of mandamus only to have challenged mediators waive their fees.

■ The Texas Supreme Court has characterized the "capable of repetition yet evading review" doctrine as an exception to the mootness doctrine. *General Land Office v. Oxy U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990); *State v. Lodge,* 608 S.W.2d 910, 912 (Tex.1980). It is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot and where there is a reasonable expectation that the same complaining party would be subject to the same action again. *Spring Branch Indep. School Dist. v. Reynolds,* 764 S.W.2d 16, 18 (Tex.App.—Houston [1st Dist.] 1988, no writ). The doctrine has been used to challenge the unconstitutionality (1) of mental commitments after the complaining party has been released, (2) of juvenile delinquency adjudications, and (3) of restraints on speech. *See Reynolds,* 764 S.W.2d at 18. Perhaps the most famous application of the doctrine was in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

Relators do not claim that assessment of mediators' fees is of such short duration that it evades appellate review, particularly by the route of mandamus. Nor do they assert that they may be subject to court-ordered mediation again. The doctrine does not apply.

However, in one very important respect, Judge Lindsay's order violates the open courts provision. It requires relators attempt to negotiate a settlement of the dispute with the real party in interest in good faith, when they have clearly indicated they do not wish to do so, but prefer to go to trial. As we noted above, the order does more than refer the dispute to an ADR procedure; it requires negotiation. Chapter 154 contemplates mandatory referral only, not mandatory negotiation.

Having reviewed the arguments of relators, which do not attack the statute, but only the order of referral, and those of the

real party in interest and the documents submitted to us, we conclude that Judge Lindsay's order is void insofar as it directs relators to negotiate in good faith a resolution of their dispute with the real party in interest through mediation, despite relators' objections.

We conditionally grant the petition for writ of mandamus, and order Judge Lindsay to vacate those portions of her order of October 18, 1991, that require the parties to participate in mediation proceedings in good faith with the intention of settling. We are confident that Judge Lindsay will act in accordance with this opinion. The writ will issue only in the event she fails to comply.