Margaret Marie STEIN, Appellant,

v.

Johan Paul STEIN, Appellee.

No. B14–92–01340–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 1994.

Leslie Werner de Soliz, Houston, for appellant.

John L. Gardner, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

**OPINION**

MURPHY, Justice.

In this divorce case, we consider whether judgment was rendered prior to appellant's withdrawal of her consent to the parties' settlement agreement. Because we find that judgment had not been "rendered," we reverse the judgment of the trial court, and remand the cause for a trial on the merits.

The facts of this case are not in dispute. Appellee, Johan Paul Stein filed for divorce from appellant, Margaret Marie Stein, in the 308th Judicial District Court of Harris County, presided over by the Honorable Bob Robertson. Due to Judge Robertson's long illness, both parties agreed to a trial by Associate Judge[1] Steven Schweitzer. During a recess of the trial, the parties entered into a settlement agreement. The parties announced the agreement in open court, and dictated the terms into the record on June 25, 1992, before Associate Judge Doug Warne. The Final Decree of Divorce and Property Settlement Agreement was drafted by appellee's counsel, and initialed by Associate Judge Schweitzer. However, on July 23, 1992, prior to the agreement's being signed by the district court judge, appellant filed with the court a revocation of her consent to the agreed judgment. On August 14, 1992, she also filed a motion opposing the entry of judgment, and requesting a new trial.

On September 4, 1992, Judge John Montgomery signed the judgment approving the settlement agreement and entering the decree of divorce. On October 7, 1992, Associate Judge Schweitzer conducted a hearing on appellant's Motion in Opposition to the Entry of Judgment and her Motion for a New Trial. The Motion for a New Trial was denied.

The issue in this case is straightforward: When is judgment rendered in a case heard by a family law associate judge? Appellee contends that Associate Judge Warne orally rendered judgment from the bench on June 25, 1992, after the parties read the terms of the agreement into the record in open court. Appellant contends that an associate judge does not have the power to render judgment, and therefore judgment was not rendered until September 4, 1992, when Judge Montgomery signed the judgment approving the property settlement agreement, and pronouncing the decree of divorce.

It is axiomatic that consent to the judgment must exist at the time an agreed judgment is rendered. *Buffalo Bag Co. v. Joachim,* 704 S.W.2d 482, 483 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Therefore, a party may revoke its consent to a settlement agreement any time before judgment is rendered. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 874–75 (Tex. 1982); *Burnaman v. Heaton,* 150 Tex. 333, 339, 240 S.W.2d 288, 291 (1951). Without consent, the judgment is void. *Samples,* 640 S.W.2d at 875.

Generally, an order is valid when orally pronounced from the bench in open court, *Ex parte Cole,* 778 S.W.2d 599, 600 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding), and "rendition" occurs when the trial court officially announces its decision, either orally in open court, or by a memorandum filed by the clerk of the court. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970); *Novotny v. Novotny,* 665 S.W.2d 171, 173 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd). Thus, if the parties in this case had been before a trial judge in district court, the judgment pronounced from the bench would have been a rendition, and the signing of the settlement agreement would have been "entry" of judgment, a purely ministerial act. *See Buffalo Bag Co.,* 704 S.W.2d at 483. However, in the case before us we must decide whether the same rules

---

1. Associate judges were formerly called family law masters. The designation was changed effective August 26, 1991, Tex.Gov't Code Ann. § 54.019 (Vernon Supp.1993), but portions of the Texas Government Code still retain the "master" terminology. Tex.Gov't Code Ann. §§ 54.001–54.-019 (Vernon 1988 and Supp.1993). We use the terms interchangeably.

apply to an associate judge's pronouncement from the bench.

■ We first address appellee's argument that because appellant failed to appeal the associate judge's findings, conclusions of law, and pronouncement of divorce within three days, she has waived the right to complain about the associate judge's actions. In support of appellee's argument, he cites Sections 54.010, 54.011, and 54.012 of the Government Code, which provide that after the master gives notice to the parties of the contents of his written report, the parties have three days in which to appeal to the referring court, and if no party appeals, the referring court may adopt, approve, or reject the master's report. TEX.GOV'T CODE ANN. §§ 54.010, 54.011, 54.012 (Vernon 1988). The action which initiates the timetable for an appeal of the master's findings is the master's *signing* a written report, followed by statutorily required *notice* of the contents of the report and the right to appeal. *See Waddell v. Huckabee,* 807 S.W.2d 455, 458 (Tex.App.— Houston [1st Dist.] 1991, orig. proceeding). Here, no master's report was ever generated, and no notice of any right to appeal was afforded the parties. The sections of the Government Code cited by appellee do not apply in the situation before us.

■ Next, we address appellee's argument that the associate judge had the power to render judgment, and did render judgment orally from the bench at the time the settlement agreement was read into the record in open court. The parties have not cited, nor have we been able to locate any case law in Texas that addresses the issue of whether an associate judge has the power to render judgment. However, Section 54.007 of the Government Code sets out the powers and duties of family law associate judges. Such powers include making findings of fact, formulating conclusions of law, and *recommending* the judgment to be made in a case. TEX.GOV'T CODE ANN. § 54.007 (Vernon 1988) (emphasis added). The listed powers do not include rendering judgment. In fact, the referring court is free to adopt or reject the recommendation of the master, TEX.GOV'T CODE ANN. § 54.011 (Vernon 1988), and the findings and recommendations of the master become the decree or order of the referring court *only* on the referring court's signing an order or decree conforming to the master's report. TEX.GOV'T CODE ANN. § 54.103 (Vernon 1988) (emphasis added). *See also Novotny v. Novotny,* 665 S.W.2d 171 (Tex.App.— Houston [1st Dist.] 1984, writ dism'd) (rendition occurs when the district court judge approves the findings in the master's report). We hold that an associate judge of the family law court does not have the power to render judgment. Rendition occurs only when the referring court adopts the master's report, or if no report is generated, when the trial judge signs the final judgment.

■ In the case before us, no master's report was ever generated, because the parties agreed to settle. The only analogous document was the Final Decree of Divorce and Property Settlement Agreement which was initialed, but not signed or dated, by the associate judge, and which was signed by Judge Montgomery as the final agreed judgment. Therefore, there was no rendition until Judge Montgomery signed the judgment on September 4, 1992, and appellant was free to withdraw her consent to the agreed judgment prior to that date. Her filing of a Revocation of Consent and Motion in Opposition to Entry of Judgment effectively withdrew her consent to the agreed judgment. We hold that the trial court erred in entering an agreed judgment based on the settlement agreement. Because the agreed judgment lacked consent of one of the parties, it was void. *Samples,* 640 S.W.2d at 875.

We reverse the judgment of the trial court and remand the cause for a trial on the merits.