Fred M. HANSEN, D.D.S., Relator,

v.

The Honorable Tom SULLIVAN, Judge of County Court at Law Number Two, Harris County, Texas, Respondent.

No. 01–94–00738–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 6, 1994.

M. Karinne McCullough and Gregg S. Weinberg, Houston, for relator.

Sam M. Yates, III, Houston, for real party in interest.

Before MIRABAL, COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Relator, Fred M. Hansen, D.D.S., seeks mandamus relief against the Honorable Tom Sullivan, Judge of County Court at Law Number Two, Harris County, Texas. Relator, defendant in the trial court, complains of two orders entered by Judge Sullivan, ordering him to reimburse the plaintiff and real party in interest, Margaret Bartels, $900 in mediation fees and attorney's fees by August 11, 1994, or have his pleadings stricken.

### Facts

This is a medical malpractice suit filed by the plaintiff against the defendant over dental work he performed on her. On September 2, 1993, Judge Sullivan granted the plaintiff's motion for mediation and signed an order of referral to mediation that ordered the parties to "conduct settlement negotiations in good faith." On November 11, 1993, the plaintiff and her counsel attended mediation with the defendant, his counsel, and an insurance adjuster. The case did not settle.

On November 12, 1993, the plaintiff filed an unverified motion for sanctions, asserting that, at the beginning of the mediation, the defendant refused to settle and refused to participate in the mediation. The plaintiff contended that the defendant violated the rules of mediation and Judge Sullivan's order by refusing to negotiate in good faith. The defendant filed a response to the motion for sanctions, supported by an affidavit from his attorney. The affidavit stated that he and the defendant attended the mediation from 9:00 a.m. until 12:30 p.m., when the mediator declared an impasse. The affidavit also states that the defendant participated in the mediation and at no time refused to do so.

On November 17, 1993, after a nonevidentiary hearing, Judge Sullivan ordered the defendant to pay the plaintiff's share of the mediator's fee ($900) and to pay the plaintiff $900 in attorney's fees and expenses. The order did not set a date on which the defendant had to pay the monetary sanctions. In June 1994, the plaintiff filed a motion to enforce the order of sanctions. The defendant filed an opposition and requested abatement of the sanctions issue until final judgment. On July 19, 1994, Judge Sullivan granted the enforcement motion and ordered the defendant to pay the sanctions by August 11, 1994, or he would strike his pleadings.[1]

### Jurisdiction

Before we discuss the trial court's sanctions, we must address a jurisdictional issue that the defendant raised in a supplemental brief filed after his original motion for leave. After examining the trial court's file, the defendant found two orders potentially affecting the jurisdiction of the trial court and this Court. The first order, signed on November 18, 1993, dismissed this case for want of prosecution. The second order is a copy of the November 1993 dismissal order on which Judge Sullivan crossed out the original signature, handwrote "void signed in error," and signed his name. The second order was signed on June 14, 1994.

The plaintiff filed a response to the defendant's supplemental brief that included an affidavit from Judge Sullivan. Judge Sullivan's affidavit states that he did not sign or authorize the November 1993 dismissal order; Kenneth Pacetti's signature appears on the order; Pacetti was not competent to sign nor did he have jurisdiction to sign the order;

---

1. The November 17, 1993 order directs relator to pay $900 in mediation fees and an additional $900 in attorney's fees and expenses. The July 19, 1994 order directs relator to pay only the $900 mediation fee.

therefore, the order is void. The defendant supplemented the transcript with an order, signed by Judge Sullivan on November 17, 1993, appointing Pacetti as special master to try this case.

■ Every referral to a master, unless authorized by statute or consented to by the parties, must comply with rule 171 of the Texas Rules of Civil Procedure.[2] *Simpson v. Canales,* 806 S.W.2d 802, 810 (Tex.1991). To expedite the disposition of cases, masters may be delegated pretrial matters to allow the trial judge to devote more time to trials and substantive issues. *Id.* at 809 n. 9. However, masters do not have the power to render judgment. *See Stein v. Stein,* 868 S.W.2d 902, 904 (Tex.App.—Houston [14th Dist.] 1992, no writ) (holding family law master does not have power to render judgment).

■ Because Kenneth Pacetti, as master, did not have the authority to render a judgment dismissing this case for want of prosecution, that order is void. Therefore, the trial court retained jurisdiction over this case, and this Court has jurisdiction to hear the mandamus.

### Sanctions

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985). Mandamus relief may be afforded where the trial court's order is void. *Decker v. Lindsay,* 824 S.W.2d 247, 249 (Tex.App.— Houston [1st Dist.] 1992, orig. proceeding). The relator bears the burden of establishing his entitlement to mandamus relief. *Johnson,* 700 S.W.2d at 917; *Decker,* 824 S.W.2d at 249.

In *Decker,* this Court held the trial court's order referring the parties to mediation was void because it directed relators to negotiate in good faith a resolution of their disputes with the real party in interest through mediation. 824 S.W.2d at 252. The order violated the open courts provision because it required relators to attempt to negotiate a settlement of the dispute when they wished to go to trial. *Id.* at 251.

■ Section 154.002 of the Texas Civil Practice & Remedies Code (Vernon 1986) expresses the general policy that "peaceable resolution of disputes" is to be encouraged through "voluntary settlement procedures." *Decker,* 824 S.W.2d at 250. A court cannot force the disputants to peaceably resolve or negotiate their differences. *Id.* at 250–51.

■ The defendant attended the mediation and participated for over three hours. The trial court sanctioned him for violating its order requiring good faith negotiation. Judge Sullivan's November 17, 1994 order is void. *Decker,* 824 S.W.2d at 252. Therefore, Judge Sullivan's order of July 19, 1994, enforcing the November 17th order, is void.

■ We conditionally grant the petition for writ of mandamus, and order Judge Sullivan to vacate his orders of November 17, 1993, and July 19, 1994. The writ will issue only in the event he fails to comply.

MIRABAL, J., concurring.

MIRABAL, Justice, concurring.

I write simply to clarify that there is no issue in this case about whether the trial court had the authority to order the parties to mediation. As we said in *Decker,* "A court cannot force the disputants to peaceably resolve their differences, but it can compel them to sit down with each other." *Decker v. Lindsay,* 824 S.W.2d 247, 250 (Tex.App.— Houston [1st Dist.] 1992, orig. proceeding).

---

2. Rule 171 authorizes a trial court to appoint a master in exceptional cases for good cause to perform all of the duties required of him by the trial court and have such power as the master of chancery has in a court of equity. Rule 171 provides that subject to limitations in the order of reference, "the master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order." The trial court may confirm, modify, correct, reject, or reverse a master's report after it is filed. Tex.R.Civ.P. 171.