**TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Don PIRTLE, Appellee.**

No. 02–97–233–CV.

Court of Appeals of Texas, Fort Worth.

June 4, 1998.

Rehearing Overruled July 16, 1998.

Dan Morales, Atty. Gen., Jorge Vega, Grady Click, Michael Ratliff, Asst. Attys. Gen., Laquita A. Hamilton, Deputy Atty. Gen., Austin, for Appellant.

Stephen D. Colbert, P.C., Flower Mound, for Appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

**OPINION**

DAUPHINOT, Justice.

A jury found that Appellant, the Texas Department of Transportation ("the depart-

ment"), was not liable for damages Appellee Don Pirtle incurred in his one-car accident. The trial court assessed all costs of court, including attorney's fees and mediator's fees Pirtle incurred, to the department, finding that it had failed to mediate in good faith. In a single point, the department complains that the trial court erred in assessing costs against it.

■ The civil practice and remedies code provides that a trial court may order litigants into alternative dispute resolution [1] ("ADR") and that the proper remedy for a party dissatisfied with this order is to file a written objection within ten days.[2] Instead of filing a written objection, the department attended the mediation but refused to participate. In arguing that it had no duty to mediate in good faith, the department cites *Gleason v. Lawson,*[3] *Hansen v. Sullivan,*[4] and *Decker v. Lindsay.*[5] All are inapposite.

*Gleason* addresses situations where a judge does not order litigants into ADR.[6] *Hansen* addresses situations where a litigant does mediate in good faith, but is unable to resolve the dispute.[7] *Decker* addresses situations where a litigant does file a written objection within ten days, but the judge overrules the objection.[8]

The rules of civil procedure provide that, "The successful party to a suit shall recover of his adversary, all costs incurred therein, except . . . [9] [t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise." [10] We may reverse a trial court's imposition of costs only for abuse of discretion.[11] In response to the department's insistence that costs be assessed against Pirtle, the trial court stated, "[T]hey pretty much

told me from the beginning they weren't going to mediate because it's the position of the Department of Transportation that part of its responsibility in fulfilling its public trust is not to settle disputed liability cases." Had the department exercised its statutory remedy by filing a written objection, Pirtle would have been spared the expense of attending mediation.

■ We find that it is not an abuse of discretion for a trial court to assess costs when a party does not file a written objection to a court's order to mediate, but nevertheless refuses to mediate in good faith. We overrule the department's sole point. Finding no reversible error, we affirm the trial court's judgment.

1. See TEX. CIV. PRAC. & REM.CODE ANN. § 154.021 (Vernon 1997).

2. See TEX. CIV. PRAC. & REM.CODE ANN. § 154.022 (Vernon 1997).

3. *Gleason v. Lawson,* 850 S.W.2d 714 (Tex. App.—Corpus Christi 1993, no writ).

4. *Hansen v. Sullivan,* 886 S.W.2d 467 (Tex. App.—Houston [1 st Dist.] 1994, no writ).

5. *Decker v. Lindsay,* 824 S.W.2d 247 (Tex.App.— Houston [1 st Dist.] 1992, no writ).

6. *Gleason,* 850 S.W.2d at 717–18.

7. *Hansen,* 886 S.W.2d at 469.

8. *Decker,* 824 S.W.2d at 248.

9. TEX.R. CIV. P. 131.

10. TEX.R. CIV. P. 141; *see Rhodes v. Cahill,* 802 S.W.2d 643, 647 (Tex.1990) (op. on reh'g) (finding good cause exists to assess costs against successful party for serving a citation before an ad litem attorney is appointed).

11. *See Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985).