Opinion issued November 18, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01059-CV




DAVID B. WILSON, Appellant

V.

THE HONORABLE JOHN WHITMIRE, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2003-43946




MEMORANDUM OPINION

          Appellant, David B. Wilson, appeals from an order and final judgment that
sustained the plea to the jurisdiction of appellee, the Honorable John Whitmire, a
Texas Senator, and dismissed, with prejudice, (1)Wilson’s petition seeking a writ of
mandamus to compel Senator Whitmire


 to attend the second special session of the
78th Legislature and (2) Wilson’s damages claim. 
          Wilson brings three, broadly-phrased issues on appeal. Issue one asks whether,
as a citizen, taxpayer, voter, and constituent, Wilson has a right of representation in
the Legislature while it is in regular or special session. In issue two, Wilson asks
whether a legislator’s oath of office requires him “not to be deliberately absent” when
the Legislature is in session. Sub-issues of issue two inquire (1) whether a member
of the Senate has legislative immunity “when illegally absenting himself” from the
Senate “while not acting in a legislative capacity” and (2) whether “quorum busting”
is a non-justiciable political question or “a violation of the Texas Constitution for
which a citizen has standing to bring suit against the legislators participating in the
quorum busting.” In issue three, Wilson asks whether a member of the Legislature
is a public official who may be sued in accordance with Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547 (Tex. 2000). Because Wilson lacked standing and because the
issues in controversy became moot while Wilson’s petition was pending in the trial
court, we conclude that the trial court properly sustained Senator Whitmire’s plea to
the jurisdiction. Accordingly, we affirm the judgment of the trial court. 
Standards of Review
A.      Plea to the Jurisdiction
          Challenges to a trial court’s subject-matter jurisdiction are properly raised by
a plea to the jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). In deciding a plea to the jurisdiction, a trial court must consider the plaintiff’s
pleadings and may consider any evidence pertinent to the jurisdictional inquiry. 
Bland Indep. Sch. Dist., 34 S.W.3d at 554-55; Tex. Natural Res. Conservation
Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Britton v. Tex. Dep’t of Criminal
Justice, 95 S.W.3d 676, 678 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We
review an order on a plea to the jurisdiction by construing the pleadings in the
plaintiff’s favor to discern the pleader’s intent. See Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Britton, 95 S.W.3d at 678.
B.      Trial-Court Jurisdiction
          Unless a court has jurisdiction over the parties and the subject matter before it,
any judgment that the court renders is void. Mapco, Inc. v. Forrest, 795 S.W.2d 700,
703 (Tex. 1990). Because subject-matter jurisdiction is a legal question, we review
the trial court’s ruling de novo. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998). An actual, live controversy between the parties is a prerequisite for
subject-matter jurisdiction. See Pinnacle Gas Treating, Inc. v. Read, 104 S.W.3d 544,
545 (Tex. 2003). 
Factual Background
          It is undisputed that Senator Whitmire represents Senate District 15, where
Wilson resides. Viewed in the light most favorable to Wilson, Britton, 95 S.W.3d at
678, Wilson’s pleadings allege that Senator Whitmire violated his oath of office and
the Texas Constitution on July 28, 2003, when he and ten other senators fled to New
Mexico and did not attend the special session, which the Governor had proclaimed
to convene that day. Wilson further alleged that the purpose of the flight was to
prevent the constitutionally mandated quorum without which the 78th Legislature
could not consider legislation related to redistricting of the federal congressional seats
allocated to the State of Texas under the United States Constitution. Wilson sought
to compel Senator Whitmire’s appearance in the Legislature and also sought damages
“incurred by the taxpayers” as a result of Senator’s participation in the quorum-busting strategy. Senator Whitmire filed a plea to the jurisdiction in response. 
          After sustaining Senator Whitmire’s plea by issuing an order denying Wilson’s
request for mandamus relief and an order and final judgment dismissing his petition
with prejudice for want of jurisdiction, the trial court issued an “opinion and order”
in response to Wilson’s request for findings of fact and conclusions of law. This
document referred to a disposition by the Supreme Court of Texas in a related
proceeding brought by the Governor and Lieutenant Governor. See In re Perry, 46
Tex. Sup. Ct. J. 1049 (Aug. 11, 2003). The trial court concluded that In re Perry, an
original proceeding in which the supreme court denied mandamus relief without
opinion, was dispositive of the “mandamus portion” of Wilson’s petition. 
          Because Wilson had asserted claims for damages and had also requested
findings of fact and conclusions of law after the trial court dismissed his claims with
prejudice for want of jurisdiction, the trial court’s order and opinion recited the
undisputed facts and legal analysis on which the court had relied in concluding that
findings and conclusions were “not appropriate or required.” The “facts” portion of
this document states that Senator Whitmire had “returned to the Senate on or about
September 2, 2003” and, according to the Senate Journal for the 78th Legislature, was
“recorded as present . . . for the roll called on September 15, 2003.” 
          The “legal analysis” portion of the trial court’s order and opinion reflects the
trial court’s conclusion that Wilson’s claims had become moot because Senator
Whitmire had “returned to the Senate to fulfill his senatorial duties.” This section of
the trial court’s order and opinion further states the trial court’s conclusions that (1)
Senator Whitmire had “legislative immunity from the claim to recover taxpayer funds
in the form of damages for his actions taken in legislative capacity”


 and (2) Wilson
lacked standing to recover damages, as a taxpayer, to recover taxpayer funds, because
he did not fall into the exception for public funds used for a fraudulent purpose.


 
 Standing, Mootness, Prohibited Advisory Opinion
          Broadly construed, Wilson’s third issue challenges the trial court’s conclusion
that Wilson lacked standing, as a taxpayer, to challenge funds expended for an illegal
or fraudulent purpose. See Williams v. Lara, 52 S.W.3d 171, 178-79 (Tex. 2001). 
Concerning mootness, Wilson has not specifically asserted an issue or otherwise
assigned error to the trial court’s mootness ruling, but he implicitly acknowledges the
trial court’s conclusion that the controversy had become moot and challenges that
conclusion by claiming, although without citing any authority, that “the issue is one
that can be quickly and unexpectedly repeated before . . . the judiciary can react and
implement a remedy.” 
          Standing and absence of mootness are two prerequisites to subject-matter
jurisdiction. Williams, 52 S.W.3d at 178 (addressing standing); Speer v. Presbyterian
Children’s Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993) (addressing
absence of mootness). If the plaintiff lacks standing, or if the controversy becomes
moot, there is no live controversy; the trial court has no subject-matter jurisdiction;
and any ruling by the trial is impermissibly advisory and therefore void. Williams,
52 S.W.3d at 184; Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex.
2000). Issues of justiciability implicate subject-matter jurisdiction. Tex. Ass’n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex.1993). A controversy is
justiciable only if a real and substantial controversy exists that involves a genuine
conflict of tangible interests and not merely a theoretical dispute. Williams, 52
S.W.3d at 184. The justiciability doctrines—ripeness, standing, and lack of
mootness—are rooted in the prohibition against advisory opinions, which is rooted,
in turn, in the separation-of-powers doctrine. Patterson v. Planned Parenthood of
Houston, 971 S.W.2d 439, 442-43 (Tex. 1998) (citing Tex. Const. arts. II , § 1, IV,
§§ 1, 22, V, § 8); Tex. Ass’n of Bus., 852 S.W.2d at 444. 
A.      Taxpayer Standing 
          Standing is a component of subject-matter jurisdiction, cannot be waived, and
is essential to a court’s power to decide a case. Williams, 52 S.W.3d at 178; Bland
Indep. School Dist., 34 S.W.3d at 553-54. Unless a particular statute conveys
standing, a plaintiff who sues to challenge governmental decision-making must
demonstrate that he has an interest in a conflict separate from that of the general
public and that the defendant’s actions have caused the plaintiff some particular
injury. Williams, 52 S.W.3d at 178-89; Bland Indep. School Dist, 34 S.W.3d at 555-56. An individual taxpayer, like Wilson, generally lacks standing to challenge
decisions or actions of a public entity, but a judicially created exception conveys
standing to the taxpayer, without any need for the taxpayer to demonstrate a
particularized injury, to bring an equitable action “to enjoin illegal expenditure of
public funds.” See Williams, 52 S.W.3d at 179-80; Bland Indep. Sch. Dist., 34
S.W.3d at 556. 
          The “illegal expenditure” exception is a long-recognized, but narrowly limited,
exception to the general prohibition against recognizing taxpayer standing. See
Williams, 52 S.W.3d at 180; Bland Indep. Sch. Dist., 34 S.W.3d at 555 (both quoting
Osborne v. Keith, 177 S.W.3d 198, 200 (Tex. 1944)). The limited standing permitted
a taxpayer under this exception applies only when the taxpayer seeks (1) to challenge
a proposed, allegedly illegal, expenditure and (2) to enjoin the expenditure. See
Williams, 52 S.W.3d at 181; 34 S.W.3d at 556; Bland Indep. Sch. Dist., 34 S.W.3d
at 556 (both citing Hoffman v. Davis, 100 S.W.2d 94, 96 (1937)). In that narrow set
of circumstances, the plaintiff’s status as a taxpayer is sufficient to confer standing. 
Bland Indep. Sch. Dist., 34 S.W.3d at 556. Similarly, in that narrow set of
circumstances, the interference with governmental activities that results from the suit
is slight. Id. at 557, 558.
          The strict parameters of the “illegal expenditure” exception do not permit a
taxpayer to challenge expenditures that are “merely ‘unwise or indiscreet.’” Williams,
52 S.W.3d at 180 (quoting Osborne, 177 S.W.2d at 200). Because the exception
permits only challenges that enjoin proposed expenditures, a taxpayer has no standing
to recover public funds that have already been spent. Williams, 52 S.W.3d at 180;
Bland Indep. Sch. Dist., 34 S.W.3d at 556. Only the public entity affected by an
allegedly illegal expenditure has standing to sue to recover already expended funds. 
See Bland Indep. Sch. Dist., 34 S.W.3d at 556 (quoting Hoffman, 100 S.W.2d at 96). 
In Bland Indep. Sch. Dist., the supreme court concluded that the “illegal expenditure”
exception did not apply to grant taxpayers standing to enjoin future payments due
under an allegedly illegally financed construction contract. Id. at 558. Although the
plaintiffs’ action sought to arrest some payments that remained to be paid in the
future for construction of a high school, the supreme court nevertheless rejected any
claim of standing because the contractor had already fully performed under the
contract by completing construction. Id. at 555, 558. Because the public entity had
thus received all that it had bargained for, the court concluded that the taxpayers had
no injury distinct from the general public’s and that permitting them to sue to prohibit
further repayment of the allegedly illegal loan had too great a potential for disrupting
future government operations that required financing. Id. at 558.
          Wilson defends his claim of standing under the “illegal expenditure” exception
by relying on his undisputed status as a taxpayer and Senator Whitmire’s undisputed
status as a public official. Wilson further contends that Senator Whitmire caused “an
illegal expenditure of public funds” because he was paid “while having fled to a
foreign jurisdiction and while refusing to comply with his oath of office.” Wilson
contends that he sufficiently invoked the limited exception for a taxpayer’s challenge
to an expenditure of illegal funds, recognized in both Williams and Bland Indep. Sch.
Dist., because his pleadings allege that Senator Whitmire “was illegally expending
public funds.” 
          We conclude that the “illegal expenditure” exception that establishes standing
does not apply here because the face of Wilson’s pleadings negate the limited
circumstances that warrant the exception. Wilson did not seek to enjoin future,
allegedly illegal expenditure of public funds to Senator Whitmire, but to recover
damages “incurred by the taxpayers” (emphasis added), in the form public funds
allegedly illegally paid to Senator Whitmire in the past, i.e., while he was absent from
the special session of the78th Legislature. Both Williams and Bland Indep. Sch. Dist.
reaffirmed the settled Texas prohibition against affording standing to a taxpayer to
seek this type of relief. See Williams, 52 S.W.3d at 181; Bland Indep. Sch. Dist., 34
S.W.3d at 556 (both citing Hoffman, 100 S.W.2d at 96). Bland Indep. Sch. Dist. also
reaffirmed that a cause of action to recover funds already spent on an illegal
expenditure, rather than to enjoin a future, allegedly illegal expenditure, belongs to
the public entity alone, in this case the Legislature. See id. at 556 (quoting Hoffman,
100 S.W.2d at 96). 
          Because Wilson’s pleadings negated his standing as a taxpayer, the trial court
properly sustained Senator Whitmire’s plea to the jurisdiction.
 

B.      Mootness 
          A case becomes moot if a live controversy ceases to exist, if the parties lack a
legally cognizable interest in the outcome, or if the trial court’s actions cannot affect
the parties’ rights. See Pinnacle Gas Treating, 104 S.W.3d at 545; Williams, 52
S.W.3d 171, 184 (Tex. 2001); Nat’l Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83,
86 (Tex. 1999). A case may become moot when the initial controversy between the
parties ceases. Nat. Collegiate Athletic Ass’n, 1 S.W.3d at 86. A case may become
moot at any stage of the litigation, including appeal. Id. Appellate courts are
prohibited from deciding moot controversies. Id. The test for mootness is whether
the court’s action on the merits would affect the rights of the parties. See Pinnacle
Gas Treating, Inc., 860 S.W.3d at 545. 
          As noted above, Wilson acknowledges that Senator Whitmire returned from
New Mexico and was present for the call of the Senate roll on September 15, 2003.
In addition, Wilson concedes that, “Ordinarily, this would make the issue of Senator
Whitmire’s failure to perform his duties moot.” Wilson argues, however, although
without citing any authority, that the issue is ripe and could occur again before any
action by the judiciary could occur, and that the issue “of the right to bring a
mandamus action against a runaway senator is still not resolved.” 
          Wilson’s arguments invoke an exception to the mootness doctrine that permits
judicial resolution of disputes that are capable of repetition, yet evade review. See 
Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990) (noting
capable-of-repetition-yet-evading-review principle as one of two exceptions to
mootness doctrine); see also Decker v. Lindsay, 824 S.W.2d 247, 250 (Tex.
App.—Houston [1st Dist.] 1992, orig. proceeding) (noting instances in which
exception successfully invoked). The exception applies in rare circumstances only. 
Williams, 52 S.W.3d at 184. To invoke the exception, a plaintiff must prove that (1)
the challenged action was too short in duration to be litigated fully before the action
ceased or expired and (2) a reasonable expectation exists that the same complaining
party will be subjected to the same action again. Williams, 52 S.W.3d at 184; Decker,
824 S.W.2d at 250. 
          Wilson sought mandamus relief in the trial court to compel Senator Whitmire’s
appearance in the Senate. The record does not show that Wilson requested that the
writ issue within a certain time period, and it is undisputed that Senator Whitmire
returned to Texas early in September and was present at roll call on September 15,
2003. The trial court’s order and opinion recite, however, that Senator Whitmire was
in New Mexico for approximately one month before he returned to the Senate. The
record therefore supports an inference that Senator Whitmire’s challenged absence
was of short duration, in satisfaction of the first element required to invoke the
mootness exception for challenged actions that are capable of repetition, yet evade
review. See Williams, 52 S.W.3d at 184; Decker, 824 S.W.2d at 250. 
          Nothing in the record, however, shows or suggests a reasonable possibility that
Wilson will again suffer the damages that he alleged and sought, based on his claimed
status as a taxpayer, as a result of Senator Whitmire’s departure for the alleged
purpose of preventing a constitutionally mandated quorum. See Williams, 52 S.W.3d
at 184; Decker, 824 S.W.2d at 250. Accordingly, because Wilson did not establish
that judicial resolution of his claimed controversy with Senator Whitmire, although
moot, would occur again in a sufficiently brief time as to evade judicial review, the
trial court properly concluded that the controversy had become moot while Wilson’s
case was pending in the trial court and properly sustained Senator Whitmire’s plea
to the jurisdiction. See Williams, 52 S.W.3d at 184; Nat. Collegiate Athletic Ass’n,
1 S.W.3d at 86. 
C.      Advisory Opinion
          Because Wilson lacked standing and because the controversy had become
moot, any decision taken by the trial court, other than its dismissal for want of
jurisdiction, would have been advisory and therefore void. See West Orange-Cove
Consol. Indep. Sch. Dist. v. Alanis, 107 S.W.3d 558, 590 (Tex. 2003) (standing); 
Valley Baptist Med. Ctr., 33 S.W.3d at 822 (mootness); Patterson, 971 S.W.2d at
442; Nat. Collegiate Athletic Ass’n, 1 S.W.3d at 86. Likewise, any decision on the
part of this Court, other than affirming the trial court’s judgment of dismissal for want
of jurisdiction, would be advisory and, therefore, void. Nat’l Collegiate Athletic
Ass’n, 1 S.W.3d at 86. 
          We overrule Wilson’s third issue, which challenges his standing, and the
portion of his first issue in which he disputes that this alleged controversy became
moot. Because we conclude that Wilson lacked standing, that the alleged controversy
had become moot, and that Wilson had requested an advisory ruling by the trial court
and has requested an advisory opinion by this Court, we need not address his
remaining issues.
          We affirm the judgment of the trial court.




                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.