COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Sellusyourhouse.com, LLC v. Russell Walker and/or All Occupants of 9325 Grady Street, Houston, Texas

Appellate case number:     01-18-00201-CV

Trial court case number:    1104954

Trial court:                  County Civil Court at Law No. 2 of Harris County

On March 14, 2018, appellant, Sellusyourhouse.com, LLC, through counsel, filed a notice of appeal from the take-nothing judgment, signed on February 12, 2018. *See* TEX. R. APP. P. 26.1. Although the clerk's record was filed on March 26, 2018, and the filing fee was paid on April 11, 2018, the court reporter's March 28, 2018 info sheet states that the reporter's record has not been filed due to a lack of request and payment by appellant. On April 16, 2018, the Clerk of this Court notified Keval Patel, counsel for appellant, that if he failed to provide evidence of request and payment for the reporter's record by May 16, 2018, this Court may set the briefing schedule without the reporter's record. *See* TEX. R. APP. P. 37.3(c). On May 24, 2018, the court reporter's info sheet stated that the appellant's counsel had informed the reporter that he would pay for the record by the next day. Neither a timely response nor the reporter's record was filed.

Instead, on May 30, 2018, appellant's counsel filed a docketing statement in which he requested referring this appeal to mediation. This Court's June 6, 2018 Memorandum Order of Referral to Mediation ("Mediation Order") set a ten-day deadline for objections, a June 21, 2018 deadline for the "Parties Notification to Court of Mediator" to be filed, a July 21, 2018 deadline for the mediation to be conducted, and the parties were to inform this Court of the result of mediation within two days later, which was July 23, 2018. However, both parties failed to timely object to the Mediation Order, file the "Parties Notification to Court of Mediator," or notify this Court of the result of mediation by July 23, 2018.

Accordingly, the Court sua sponte extends the deadline for the parties to file objections to the Mediation Order, the "Parties' Notification to Court of Mediator,"

the mediation result, or for appellant to pay for the reporter's record **within 10 days from the date of this Order.** *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.022(b), (c) (court will withdraw mediation order if it finds basis for objection to mediation is reasonable) (West 2011); TEX. R. APP. P. 2; *see also Decker v. Lindsay*, 824 S.W.2d 247, 249–50 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (court cannot force disputants to peaceably resolve their differences, but can compel them to sit down with each other; no abuse of discretion in overruling objection to mediation where party objected based on belief that mediation would not resolve lawsuit).

If no response is timely filed **within 10 days of the date of this Order**, this Court will deem the Mediation Order withdrawn and will consider and decide this appeal on those issues or points that do not require a reporter's record for a decision by setting the briefing schedule without a reporter' record. *See* TEX. R. APP. P. 37.3(c)(1), (2).

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley_____

☑ Acting individually ☐ Acting for the Court

Date: September 20, 2018_____ _____