In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-438 CV


____________________



IN RE RUDOLFO MAGALLON AND THE SPURLOCK LAW FIRM






Original Proceeding






MEMORANDUM OPINION



 In an automobile collision personal injury case, the trial court ordered the parties to
mediate. When an associate attorney for the defendant appeared for the mediation without
counsel of record, the defendant, or the defendant's insurance adjuster, the plaintiff filed a
motion for contempt. The trial court ordered the defendant and his attorneys to pay $500, but
did not provide notice that the order had been signed. When the order was not complied
with, the trial court, without notice or opportunity to be heard, entered an order barring the
defendant's law firm from practicing in his court. The County Clerk of Jefferson County
subsequently refused to accept for filing documents, including motions to recuse, filed by the
Spurlock Law Firm in other cases. We hold that the trial court acted without reference to
guiding rules and principles and conditionally order the trial court to withdraw its order
prohibiting the Spurlock Law Firm from practicing law in the County Court at Law No. 1.

 On January 3, 2007, the trial court referred the case of Sears v. Magallon to mediation.
See Tex. Civ. Prac. & Rem. Code Ann. § 154.021 (Vernon 2005). The trial court ordered
each party "with a representative having settlement authority" to attend the mediation "with
counsel of record" and to "participate in the procedure in good faith." Magallon did not
object to the order. See Tex. Civ. Prac. & Rem. Code Ann. § 154.022(b) (Vernon 2005). 
The parties mediated the case on April 5, 2007. An attorney with the Spurlock Law Firm
attended the mediation but that attorney was not the attorney in charge. See Tex. R. Civ. P.
8. The attorney had full settlement authority and an insurance adjuster was available by
telephone, but the defendant was not present.

 Sears filed a motion for contempt, Magallon filed a response, and the relators attended
a hearing conducted by the trial court on June 25, 2007. (1) On July 12, 2007, the trial court
signed an order that found "the Defendant and his counsel did not participate in the court
ordered mediation in good faith," held "the Defendant and his counsel in contempt[,]" and
ordered "Rudolfo Magallon and his counsel, jointly and severally" to pay a $500 fine within
thirty days. The order does not describe any penalty for failure to comply. An affidavit from
Kimberley M. Spurlock, who is evidently Magallon's lead counsel in Sears v. Magallon,
states that she did not receive notice that the order had been signed until she received the
order of August 16, 2007 that prohibited the Spurlock Law Firm from practicing law in the
trial court. In her mandamus response, Sears does not establish that notice occurred on an
earlier date. The order of August 16, 2007, does not state that Magallon and the Spurlock
Law Firm had notice of the trial court's intent to bar the firm's lawyers from practice in the
trial court, and Sears does not suggest that actual notice was provided but not recited in the
order. Thus, it appears the first notice that Magallon and his attorneys had of either order
was after the second order had been signed, and that the Spurlock Law Firm and its attorneys
were barred from practice in the County Court at Law No. 1 without any prior notice or
opportunity to be heard.

 Spurlock's affidavit states that the Spurlock Law Firm is counsel of record in thirteen
cases filed in the County Court at Law No. 1, that she filed a motion to stay in each of the
thirteen cases, but that the County Clerk refused to file the documents and returned them to
counsel with a copy of the August 16, 2007, order.

 First, the relators contend that the order requiring all parties to participate in mediation
in good faith is void. Although they concede the trial court has the power to compel
mediation, they contend the trial court cannot compel the parties to negotiate or settle a
dispute. Magallon argues that the confidential nature of mediation requires the manner in
which the parties negotiate not be disclosed to the trial court. See In re Acceptance Ins. Co.,
33 S.W.3d 443, 451-52 (Tex. App.--Fort Worth 2000, orig. proceeding). An order to mediate
in good faith is void, Magallon argues, because the trial court cannot force the parties to
peaceably resolve their differences. See Hansen v. Sullivan, 886 S.W.2d 467, 469 (Tex.
App.--Houston [1st Dist.] 1994, orig. proceeding). Sears, on the other hand, argues that the
trial court cannot force the parties to settle but can compel the parties to attend mediation. 
See Decker v. Lindsay, 824 S.W.2d 247, 250 (Tex. App.--Houston [1st Dist.] 1992, orig.
proceeding). Magallon did not object to the mediation order, which required each party, with
a representative having settlement authority, to attend the mediation with counsel of record. 
According to Sears, the trial court sanctioned Magallon and his counsel because only an
associate appeared for the mediation. Sears contends this disobedience justified a $500 fine. (2)

 Magallon did not file a record of the contempt hearing in this proceeding. The relator
must file a reporter's record of any relevant testimony from any underlying proceeding. Tex.
R. App. P. 52.7(a)(2). There seems to be no dispute, however, that an associate appeared at
the ordered mediation without Magallon or an insurance adjuster. Even assuming the trial
court could not command Magallon to participate in the mediation in good faith, Magallon
violated the order by failing to attend the mediation as ordered. Counsel's non-compliance
is less evident: the face of the order commands "counsel of record" to attend and does not
specify that the appearance must be made by the attorney in charge. See Tex. R. Civ. P. 8. 
The parties agree that an attorney with the Spurlock Law Firm did appear at the mediation,
and an affidavit submitted with the mandamus petition states that attorney had full settlement
authority. Nonetheless, Magallon's failure to attend the mediation could have been
attributable to his counsel. On this record, we cannot conclude that the trial court clearly
abused its discretion in finding both Magallon and his counsel in contempt and in ordering
them to pay a fine. We overrule issues one and two.

 In their third issue, the relators contend the August 16, 2007, order is void. They
argue that punishment exceeds the statutory limits for contempt and for suspending an
attorney from practice. See Tex. Gov't Code Ann. § 21.002(b) (Vernon 2004), § 82.061(b)
(Vernon 2005). They also contend, without challenge from the real party in interest, that the
trial court neither provided notice that the July 12, 2007, order had been signed nor gave the
firm any notice that its members would be barred from practicing in the court unless the fine
was paid. Although a trial court possesses an inherent power to discipline an attorney's
behavior, "[t]he power to sanction is of course limited by the due process clause of the
United States Constitution[.]" In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997); see U.S.
Const. amend. XIV. Nothing in the mandamus record suggests the trial court provided the
relators with notice of its intent to bar the firm from practice and an opportunity to respond
before it signed the order of August 16, 2007. We hold the order of August 16, 2007 violated
the due process rights of the relators. We sustain issue three.

 In their fourth and final issue, the relators contend the trial court's apparent directive
to the county clerk to refuse to file documents presented for filing by the Spurlock Law Firm
is void. The County Clerk of Jefferson County has a ministerial duty to file documents
presented for filing in the County Court at Law of Jefferson County No. 1. See Tex. Loc.
Gov't Code Ann. § 192.006(b) (Vernon 1999). Because the order of August 16, 2007 was
signed in violation of due process, the trial court's order cannot supply a valid basis for
refusing the Spurlock Law Firm's filings. We sustain issue four.

 We are confident that the trial court will vacate its order of August 16, 2007, and
direct the county clerk to accept the previously rejected filings effective the date each
document was presented to the clerk and rejected. The writ shall issue only in the event of
noncompliance.

 PETITION CONDITIONALLY GRANTED.



 PER CURIAM




Opinion Delivered October 11, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Neither the motion nor the response is filed in the mandamus record, nor has a
reporter's record of the contempt hearing been filed in the proceeding before this Court. 
2. Somewhat ironically, Sears assumes "counsel of record" for purposes of fulfilling
the duty to appear for mediation refers only to lead counsel, but the trial court barred the
entire firm from practice before the trial court.