**Patricia SOHOCKI, Appellant,**

v.

**John SOHOCKI, Appellee.**

**No. 13–94–042–CV.**

Court of Appeals of Texas, Corpus Christi.

March 2, 1995.

Lanette Smith Joubert, Corpus Christi, for appellant.

Scott T. Cook, William A. Dudley, Cook, Dudley & Associates, Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from an agreed decree of divorce. After commencement of trial before a special master, the Sohockis announced a settlement agreement. Appellant, Patricia Sohocki, subsequently revoked her consent to the agreement before the master had made a recommendation to the district court and before the district court signed the decree of divorce based on the settlement agreement. After the district court signed the "Agreed Final Decree of Divorce," appellant filed a motion for new trial asserting lack of consent, which the court denied. By three points of error, appellant complains that the district court erred 1) by signing the decree of divorce because she revoked her consent to the settlement agreement before the court rendered the decree, 2) by denying appellant's motion for new trial, and 3) by making findings concerning the special master's report when no report was filed. Because we hold that the agreed decree of divorce is void for want of consent, we reverse the decree and remand the case to the district court for trial on the merits.

The facts in this case are undisputed. On December 22, 1989, appellee, John Sohocki, filed for divorce in the 148th District Court of Nueces County. Appellee filed a suggestion of bankruptcy on June 26, 1990, and the court ordered an automatic stay of proceedings.[1] On June 27, 1990, the case was transferred to the 94th District Court. On September 14, 1993, the parties appeared before a special master for trial on the merits. The parties reached a settlement agreement and read the terms of the agreement into the record.[2]

On October 8, 1993, appellant filed a Revocation of Agreement. The Revocation of Agreement states in relevant part as follows:

PATRICIA SOHOCKI, Respondent, files this revocation of agreement and would show:

1. On September 14, 1993, the parties appeared before a Special Master for trial of this cause. An agreement was read into the record. Respondent hereby revokes her consent to any agreement by her or on her behalf on that date.

\* \* \* \* \* \*

3. Respondent requests the Court, in the interest of justice, to not render judgment based on the "agreement" and to set the case for new trial.

An "Agreed Final Decree of Divorce" was drafted by appellee's counsel and signed by the special master on October 22, 1993. The district court adopted the master's recommendation and signed the decree of divorce on October 27, 1993. Appellant requested findings of fact and conclusions of law. Appellant also filed a motion for new trial, alleging error in the entry of the decree of divorce after she had revoked her consent by filing her Revocation of Agreement on October 8, 1993.

By her first point of error, appellant contends that the district court erred in signing the Agreed Final Decree of Divorce because she revoked her consent to the settlement agreement before the court rendered the decree. Appellee responds that the district court did not err because it did not have "notice" that appellant had revoked her consent before the decree of divorce was rendered. Appellee concedes in his brief that, by the time the district court was provided the master's recommendation and report for approval and rendition, appellant had ostensibly withdrawn her consent to the agreement upon which the master's recommendation was founded. Appellee argues, however, that filing a notice of revocation of consent is not sufficient. He contends that appellant should have first brought evidence of her revocation of consent to the attention of the

---

1. The record does not reflect when the stay was lifted.

2. The record does not include a statement of facts from this hearing.

special master or the district court. Appellee would require a revoking party to request a hearing to put the trial court on "notice" that appellant's consent is lacking. We find this argument to be without merit. We find no such requirement in the Texas Rules of Civil Procedure or in caselaw.

 The determinative issue in this case is whether consent to the judgment existed at the time the judgment was rendered. For a valid consent judgment to exist, it is not sufficient that the parties may have at some time consented; the parties must explicitly and unmistakably give consent, and their consent must exist at the very moment the court undertakes to make the agreement the judgment of the court at rendition. *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex.1984); *Stein v. Stein*, 868 S.W.2d 902, 903 (Tex. App.—Houston [14th Dist.] 1994, no writ); *First Am. Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex.App.—Corpus Christi 1992, writ denied); *Kelley v. Pirtle*, 826 S.W.2d 653, 654 (Tex.App.—Texarkana 1992, writ denied); *McCaskill v. McCaskill*, 761 S.W.2d 470, 473 (Tex.App.—Corpus Christi 1988, writ denied). A party has the right to revoke his consent at any time before the court renders judgment. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex. 1982); *see Stein*, 868 S.W.2d at 903 (party effectively withdrew consent prior to rendition, which occurs when referring court adopts master's report or, if no report is generated, when trial judge signs the final judgment). A judgment based on an agreement cannot be rendered, even if the requirements of Rule 11 are met, if the consent of one of the parties has either been withdrawn or is lacking at the time the agreed judgment is rendered; such judgment is void. *Kennedy*, 682 S.W.2d at 528–529; *Samples*, 640 S.W.2d at 875; *Burnaman v. Heaton*, 150 Tex. 333, 339, 240 S.W.2d 288, 291 (1951); *Stein*, 868 S.W.2d at 903; *see Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983). When a trial court has knowledge that a party to a suit does not consent to a judgment, it should refuse to sanction the agreement by making it the judgment of the court. *Burnaman*, 150 Tex. at 339, 240 S.W.2d at 291.

 The proper inquiry is whether the information in the trial court's possession is clearly sufficient and of such a nature as to put the court on notice that a party's consent is lacking and to require the court to make further inquiry before rendering judgment. A pleading filed prior to rendition of judgment which alleges a party's revocation of consent or a motion opposing the entry of judgment on said grounds is sufficient to effectively withdraw consent to the agreed judgment. *See Stein*, 868 S.W.2d at 904 (party withdrew consent by filing Revocation of Consent and Motion in Opposition to Entry of Judgment before trial court signed final judgment).

 The record clearly reflects that appellant filed her revocation of consent to the agreement nineteen days before the district court rendered and signed the decree of divorce. We hold that the district court erred in rendering and signing the Agreed Final Decree of Divorce. We further hold that the Agreed Final Decree of Divorce is void for want of consent. We sustain appellant's first point of error.

Due to our disposition of appellant's first point of error, we need not address her remaining points of error. TEX.R.APP.P. 90(a).

Because we hold that the trial court's Agreed Final Decree of Divorce is void, we order it vacated. We remand the case to the district court for trial on the merits.