

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-189-CV**

TONNA BROOKS                                                    APPELLANT

V.

BANK OF NEW YORK TRUST                                          APPELLEE
COMPANY, N.A. AS SUCCESSOR
TO JPMORGAN CHASE BANK,
AS TRUSTEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Tonna Brooks seeks a restricted appeal from an agreed

judgment granting Appellee Bank of New York Trust Company (Bank of New

York) possession of Tonna's home premises and the right to obtain a writ of

---

[1] *See* TEX. R. APP. P. 47.4.

possession. In her first two issues, Tonna contends that because of her absence at the hearing, the agreed judgment is interlocutory and cannot support the issuance of a writ of possession. In her third issue, Tonna contends that the agreed judgment is not a default judgment because no evidence was offered or received by the trial court. Because the trial court rendered judgment without Tonna's participation and consent, we reverse the judgment as void and remand the case for a new trial.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Bank of New York filed its original petition for forcible detainer against Tonna and "all other occupants" on February 27, 2007, in the justice of the peace court. On March 9, 2007, the justice of the peace court rendered judgment in favor of Bank of New York. On that same day, Tonna perfected her and her husband, Gordon's, appeal by filing an appeal bond with the justice of the peace court. On March 28, 2007, Tonna and Gordon filed a "Written Statement" with the county court, stating that they were appealing the case because they were not given proper notice of the foreclosure and that they were seeking counsel. Bank of New York filed an amended petition, and the county court set trial for April 25, 2007.

On the date of trial, Bank of New York appeared through its attorney and Gordon appeared in person. Nothing in the record shows that Tonna ever

2

appeared before the county court on April 25, 2007. Before trial began, Bank of New York's attorney told the county court that "we just came to an agreement." Accordingly, the county court, Gordon, and Bank of New York signed an agreed judgment, which gave Bank of New York the right to possess the premises at issue and the right to obtain a writ of possession if the occupants failed to vacate by May 11, 2007. On May 25, 2007, the county court issued the writ of possession, which eventually was returned as "unserved," and Tonna then filed this restricted appeal.[2]

### III. RESTRICTED APPEAL

To be entitled to a restricted appeal, an appellant must show that she (1) filed a notice of restricted appeal within six months after the trial court signed the judgment or order; (2) is a party to the suit; (3) did not participate in the hearing that resulted in the judgment complained of; and (4) did not timely file any postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a). TEX. R. APP. P. 26.1(a), (c), 30; *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 184 (Tex. App.—Fort Worth 2004, no pet.). These requirements are

---

[2] The initial notice of appeal filed on June 4, 2007, stated that "TONNA BROOKS and ALL OCCUPANTS" desired to appeal the case. On August, 8, 2007, Tonna amended the notice of appeal and took out "ALL OCCUPANTS" to reflect that she was the only person appealing the agreed judgment.

jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *Id.* Once an appellant establishes that she has met these requirements, she must then establish error apparent from the face of the record before she will be entitled to relief from the adverse judgment. *Id*.

Tonna is a party to the suit and properly filed her notice of restricted appeal within six months from the date the trial court signed the agreed judgment. Tonna also did not file a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a). Bank of New York, however, asserts that we do not have jurisdiction over this restricted appeal because Tonna participated in the trial that resulted in the agreed judgment. Thus, our analysis is limited to whether Tonna participated in the trial that resulted in the agreed judgment and, if she did not, whether there is error apparent on the face of the record.

**A.     Participation**

In determining whether the nonparticipation requirement of rule 30 is met, the question is whether the appellant participated in the "decision-making event" that resulted in the order adjudicating the appellant's rights. *Id*. at 185. The extent of participation in the actual trial of the case which would preclude a party from obtaining appellate review by writ of error, now known as restricted appeal, is one of degree. *Tramco Enters., Inc. v. Indep. Am. Sav.*

4

*Ass'n*, 739 S.W.2d 944, 946 (Tex. App.—Fort Worth 1987, no writ) (interpreting former Texas Rule of Appellate Procedure 45, governing writ of errors).

The decision-making event in this case is the signing of the agreed judgment by the county court, Gordon, and Bank of New York on the date of trial. Bank of New York cites *Clopton v. Pak* for the proposition that an appellant can still participate in the decision-making event even though she did not physically attend the hearing that resulted in the adverse judgment. *See* 66 S.W.3d 513, 516 (Tex. App.—Fort Worth 2001, pet. denied). In *Clopton*, we held that attendance at a dismissal hearing was unnecessary when the attorneys for the appellants and appellees agreed on, signed, and filed a joint motion to sever and dismiss the case. *Id*. We stated that "neither appellants' nor their attorney's attendance at the hearing was necessary once the joint motion was filed." *Id*.

Bank of New York attempts to analogize *Clopton* to the facts of this case by stating that like *Clopton*, "prior to a trial, the parties agreed to a judgment that disposed of all parties and issues." Bank of New York goes on further to state that "[t]he evidence in the record demonstrates that the judgment was agreed to by all the parties prior to the case being called to trial, at which point, the attendees were addressed by the [c]ourt." Ultimately, Bank of New York

5

argues that the language of the agreed judgment and the signature by Gordon, Tonna's husband and fellow occupant, demonstrate that Tonna participated in the decision-making event.

Even though the facts here are similar, we decline to extend our holding in *Clopton* to the facts in this case. Important to the decision in *Clopton* was the fact that the appellants participated *through their attorney*. *See id*. at 516–17. The attorney had the authority to act on their behalf, and the motion signed by their attorney was proof on the record of the appellants' participation. *See id.* at 517. Here, there is no evidence that Tonna agreed to anything through an attorney; in fact, the record shows that neither Tonna nor Gordon ever retained counsel prior to filing this appeal. We further note that nothing on the record supports the proposition that Gordon had the authority to sign on behalf of Tonna. *See Wilkinson v. Stevison*, 514 S.W.2d 895, 898 (Tex. 1974) (stating that the marital relationship does not in itself make one spouse the agent of the other). *But see Taylor v. Gilbert Gertner Enters.*, 466 S.W.2d 337, 339 (Tex. Civ. App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) ("A husband may be shown to be the agent of his wife. Facts and circumstances might be produced which would require a finding that the wife is bound by the agreement of her husband."); *Mercer v. McCasland*, No. 01-95-01232-CV, 1996 WL 532061, at *1–2 (Tex. App.—Houston [1st Dist.] Sept. 19, 1996,

6

no writ) (not designated for publication) (holding that the record demonstrated that the wife consented to the agreed order even though she did not appear at the hearing because the husband "specifically stated" that he had the authority to act on his wife's behalf). Likewise, we disagree with Bank of New York's assertion that because the record does not evidence a "lack of authority" for Gordon to enter into the agreed judgment for both himself and Tonna that Tonna "cannot now attempt to deny the validity of the agreed judgment." Bank of New York has not established that Gordon had the authority to enter into the agreement for Tonna, and so the absence of evidence showing a "lack of authority" is irrelevant.

We hold that even though Tonna filed a written statement in the county court, she did not participate in the decision-making event because she was not present at the trial and did not sign the agreed judgment. *See Ramirez v. Lyford Consol. Indep. Sch. Dist.*, 900 S.W.2d 902, 906 (Tex. App.—Corpus Christi 1995, no writ) (holding that the appellant, who filed a petition and participated in pretrial discovery, did not participate in the "actual trial" because he did not participate in the proceedings leading up to the rendition of the judgment).

7

**B.    Error Apparent on the Face of the Record**

Because Tonna satisfied the requirements of rule 30, she must now show error apparent on the face of the record.  Tonna argues first that it was error for the county court to issue the writ of possession on an interlocutory judgment that did not dispose of her as a party.  She states, in the alternative, that because the county court did not receive any evidence at the hearing when it entered the agreed judgment that we should vacate and set aside the agreed judgment.

Although Tonna does not use the word "consent," she repeatedly states that she did not take part in the decision making process leading up to the agreed judgment.  She states that "[t]he record . . . shows that Mrs. Brooks had no part in the [a]greed [j]udgment."  She also asserts that Gordon was not authorized to "commit her" to an agreed judgment merely because he lived with her.  We liberally construe Tonna's argument as including a claim that she did not participate in or consent to the agreed judgment.  *See* TEX. R. APP. P. 38.1(e), 38.9; *Sheikh v. Sheikh*, 248 S.W.3d 381, 392 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating that even though the appellant argued that the trial court lacked subject-matter jurisdiction to enter an order, "at the heart" of the issue was a complaint that the trial court erred in drafting an overly broad order).

8

In Texas, a valid consent judgment cannot be rendered by a court when consent of one of the parties is wanting. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Williams v. Hollingsworth*, 568 S.W.2d 130, 131 (Tex. 1978); *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951). Consent must exist at the very moment the court undertakes to make the agreement the judgment of the court. *Burnaman*, 240 S.W.2d at 291. When consent has either been withdrawn or is lacking at the time the agreed judgment is rendered, the judgment is void. *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi 1995, no writ); *see also Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex. 1982).

The supreme court has held that absent a rule 11 agreement, a court cannot render an agreed judgment when a party to the suit did not attend and was not represented at the hearing where the judgment was rendered. *Williams*, 568 S.W.2d at 131–32. In *Williams*, the appellant was involved in a will contest in which the contestants sought, among other things, a portion of the residuary estate, to which the appellant was entitled to one-half as one of the decedent's sons. *Id*. at 131. On the day of trial, the will contestants and the independent executor appeared and announced to the trial court that they had settled the controversy. *Id*. Each contestant would receive $8,000 from the residuary estate, and the will would otherwise stand as probated. *Id*.

Because neither the appellant nor his attorney was present at the trial, the Court stated that the appellant had not consented to the agreed judgment and that the judgment was thus properly set aside for lack of consent. *Id*. at 131–32.

The agreed judgment in this case grants possession of the premises at issue to Bank of New York. It also orders that if "defendants fail to vacate by May 11, 2007, then [Bank of New York] shall be entitled to obtain a writ of possession ordering any Constable to remove defendants . . . ." Thus, like in *Williams*, the judgment attempts to adjudicate Tonna's rights even though she did not participate in or agree to the judgment.

Tonna did not sign the agreed judgment, and in fact, her name was crossed out of the introductory paragraph of the judgment; in its place, someone handwrote "Gordon."[3] Bank of New York contends that "the judgment was agreed to by all the parties," but there is nothing in the record to suggest that Tonna ever agreed to the judgment. The transcript of the trial—in its entirety—is as follows:

THE COURT:     Bank of New York versus Brooks. What's up?

_____

[3] This portion of the judgment reads, "Plaintiff appeared by and through its designated representative or counsel of record. Defendant(s), ~~Tonna~~ Gordon Brooks appeared in person."

10

[BANK]: Morning, Your Honor, we just came to an agreement.

THE COURT: Okay.

THE COURT: You're Mr. Brooks?

MR. BROOKS: I'm Mr. Brooks.

THE COURT: You live there with Tonna, your wife?

MR. BROOKS: Yes, sir.

As shown by the transcript, neither party discussed with the trial court the issue of Tonna's consent to the judgment. Moreover, Bank of New York's attorney stated that "we *just* came to an agreement," indicating that the agreement was between only those parties present at the trial. [Emphasis added.] Because nothing on the record suggests that Tonna appeared before the court, we conclude that the agreement was between Bank of New York and Gordon. *See Williams*, 568 S.W.2d at 131–32. Accordingly, we sustain Tonna's first issue to the extent that we construe it as arguing that the court improperly rendered judgment absent her participation and consent. Because the county court signed the agreed judgment absent Tonna's consent, the judgment is void. *See Sohocki,* 897 S.W.2d at 424; *see also Williams*, 568 S.W.2d at 132 (holding that because the court rendered a judgment absent the consent of one of the parties, the judgment was properly set aside); *Cook v. Cook*, 243 S.W.3d 800, 801, 803 (Tex. App.—Fort Worth 2007, no pet.)

11

(holding that the trial court's judgment on an "agreed divorce decree" was void when one party withdrew his consent to the agreement before the trial court granted the divorce and rendered judgment).

## IV. CONCLUSION

Having sustained Tonna's first issue as construed above, we reverse and remand the cause to the trial court for further proceedings.[4] *See Cook*, 243 S.W.3d at 803; *Sohocki*, 897 S.W.2d at 424.

PER CURIAM

PANEL B:  HOLMAN, DAUPHINOT, and WALKER, JJ.

DELIVERED:  July 3, 2008

---

[4] Because we have held that the judgment is void, we need not address Tonna's argument regarding the issuance of the writ of possession or the argument concerning default judgment.

12