

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00360-CV

**HOWARD P. LE JEUNE,**

                                                  **Appellant**

**v.**

**SCARLETT R. ROBBINS AND JAMES B. ROBBINS,**

                                                  **Appellees**

---

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. D16-24649-CV**

---

## MEMORANDUM OPINION

---

In four issues, Howard P. Le Jeune appeals from the trial court's "Judgment Approving Settlement Agreement." We will reverse and remand.

### BACKGROUND

Le Jeune sued Scarlett R. Robbins and James B. Robbins, alleging several causes of action and seeking monetary damages, a declaratory judgment, and temporary and permanent injunctive relief. The Robbinses answered, generally denying Le Jeune's allegations; however, the Robbinses later agreed to a temporary injunction preserving the

status quo between the parties.  The parties thereafter participated in mediation.  The mediation resulted in the parties signing a document entitled "Settlement Agreement." The Settlement Agreement indicates that it is an agreement settling "all claims and controversies between [the parties], asserted or assertable in this case, *except for the Guardianship Proceeding which will remain open.*"[1]  The Settlement Agreement was filed with the trial court clerk.

Scarlett Robbins subsequently filed a "Motion for Judgment on Mediated Settlement Agreement," to which she attached the Settlement Agreement and requested that the trial court grant judgment thereon.  Le Jeune filed a "Response and Objection" to Scarlett's motion, however, in which he prayed that the trial court deny the motion and instead order the parties back to a one-day mediation, pursuant to a provision of the Settlement Agreement.  Le Jeune explained that in the time since the Settlement Agreement had been signed, the parties had "attempted to negotiate a comprehensive settlement agreement to effectuate the [Settlement Agreement]" but that the parties had been unsuccessful in doing so.  To illustrate, Le Jeune attached copies of "four separate iterations of a possible settlement agreement," each entitled "Settlement and Release Agreement," that the parties had "prepared and exchanged" after the Settlement Agreement had been signed.  Le Jeune explained that the parties had been unable to agree on a comprehensive settlement agreement, however, because the parties "could not come to terms about the scope of the release related to the Guardianship."  Le Jeune stated that,

---

[1] Italics denote handwritten portion.  The Guardianship Proceeding is a separate suit concerning Le Jeune's adult daughter.

as required by the Settlement Agreement, the parties had participated in a telephone conference with the mediator who had facilitated the Settlement Agreement but that the parties had still been unable to reach a compromise. Le Jeune asserted that the trial court's entering a judgment at that time would therefore "not address the scope of the releases between the parties" and would simply result in "additional litigation under new lawsuits."

The trial court held a hearing on Scarlett's motion. At the hearing, the Robbinses first offered into evidence, without objection, "a true and correct copy" of the Settlement Agreement, which the trial court admitted. The trial court noted at that time that the Settlement Agreement was also in the trial court's file. The Robbinses then asserted that they were relying on section 11 of the Settlement Agreement to request that the trial court grant judgment on the agreement. Section 11 of the Settlement Agreement provides in relevant part: "The parties stipulate to all facts necessary for the Court to render judgment on this settlement agreement for which the parties waive all requirements of pleadings and summary judgment motion procedure and stipulate to the entry of judgment hereon."[2]

Le Jeune responded at the hearing that in the Settlement Agreement, the parties had come "close" to an agreement resolving their issues in this case but that there remained a "material dispute" about the interpretation of the section in the Settlement

---

[2] In seeming contrast, section 3 of the Settlement Agreement provides that the case "shall be resolved by … an agreed order of dismissal with prejudice with costs taxed to *party incurring same*." Italics denote handwritten portion.

Agreement excepting the Guardianship Proceeding from the agreement. Le Jeune then reiterated the argument that he had made in his written response, stating that the parties had exchanged "four different versions of a settlement agreement" but that "we couldn't come to any agreement." Le Jeune asserted that entering a judgment at that time would therefore result in more litigation. Le Jeune advocated that it would thus be in the parties' best interest for the trial court to order them to return to mediation, pursuant to the terms of the Settlement Agreement, to resolve their differences rather than for the trial court to enter a judgment.

At that point in the hearing, the Robbinses argued again that the parties had all agreed that the Settlement Agreement should be approved and entered as the judgment of the court. Le Jeune, however, replied:

> Just to hit on that real briefly. In paragraph four it says the parties agree to release, discharge, and forever hold the other harmless from all claims, demands, etcetera, etcetera. But on the very first page it excepts the guardianship. We've run into an impasse on how to interpret this document and how to apply it to a compromise and mutual release. So it will end up in additional litigation. It's not a matter of if, it's just a matter of when.

The trial court then stated that it would grant Scarlett's motion. That same day, the trial court signed its "Judgment Approving Settlement Agreement." The judgment provides: "The Settlement Agreement attached to this Order is approved as Judgment of this Court and the parties are Ordered to comply with its terms." The Settlement Agreement, in its entirety, is attached to the judgment.

Le Jeune subsequently filed a motion for new trial. The trial court held a hearing on the motion for new trial but never ruled on the motion. The motion for new trial was therefore overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal ensued.

**DISCUSSION**

In his first issue, Le Jeune contends that the trial court erred in rendering judgment on the Settlement Agreement because the Settlement Agreement was incomplete and contested. The Robbinses respond that the trial court did not err in rendering judgment on the Settlement Agreement because at that time, Le Jeune had not revoked his consent to the agreement but had merely disputed the interpretation of one of its terms.

It is well-settled law in Texas that a trial court may not render an agreed judgment based on a settlement agreement when the consent of one of the parties to the agreement is lacking. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Burnaman v. Heaton*, 150 Tex. 333, 338, 240 S.W.2d 288, 291 (1951). The parties' consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court, even if the agreement meets the requirements of Rule 11. *Burnaman*, 150 Tex. at 338-39, 240 S.W.2d at 291; *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi 1995, no writ). *See generally* TEX. R. CIV. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.").

An agreed judgment will therefore be set aside if the judgment was rendered "by the [trial] court with knowledge that a party [did] not consent thereto" or if the judgment was rendered "when the [trial] court [was] in possession of information which [was] reasonably calculated to prompt the [trial] court to make further inquiry into the party's consent thereto, which inquiry, if reasonably pursued, would [have] disclose[d] the want of consent." *Burnaman*, 150 Tex. at 339, 240 S.W.2d at 291-92; *see Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Sohocki*, 897 S.W.2d at 424. A pleading filed before rendition of judgment that alleges a party's revocation of consent or a motion opposing the entry of judgment on said grounds is sufficient to effectively withdraw consent to an agreed judgment. *See, e.g., St. Raphael Med. Clinic, Inc. v. Mint Med. Physician Staffing, LP*, 244 S.W.3d 436, 443 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding trial court erred in rendering agreed judgment after party revoked its consent by filing Revocation of Consent to Agreed Judgment and Objections to Plaintiff's Proposed Agreed Judgment); *Sohocki*, 897 S.W.2d at 424 (holding trial court erred in rendering and signing agreed final judgment after party revoked her consent by filing Revocation of Agreement); *Stein v. Stein*, 868 S.W.2d 902, 903 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding trial court erred in entering agreed judgment based on settlement agreement after party withdrew consent by filing Revocation of Consent and Motion in Opposition to Entry of Judgment). Furthermore, the trial court is on notice that mutual consent is lacking when parties to a settlement agreement submit conflicting motions for entry of judgment. *See, e.g., Camberg*, 247

S.W.3d at 346-47; *Milstead v. Milstead*, 633 S.W.2d 347, 348 (Tex. App.—Corpus Christi 1982, no writ).

Here, Le Jeune unambiguously notified the trial court before the court rendered judgment that the parties' interpretations of the Settlement Agreement differed regarding a material issue. *See Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.) ("The essential terms for a settlement agreement are the amount of compensation and *the liability to be released*." (emphasis added)). Le Jeune even provided the trial court four versions of a proposed "comprehensive settlement agreement" that the parties had prepared and exchanged in an attempt "to effectuate [the Settlement Agreement]," and Le Jeune explained that the parties had been unable to agree because their interpretations of the Settlement Agreement differed. We believe that this is analogous to parties to a settlement agreement submitting conflicting motions for entry of judgment. The trial court was therefore on notice that the parties no longer mutually consented to the Settlement Agreement. *See Camberg*, 247 S.W.3d at 346-47; *Milstead*, 633 S.W.2d at 348.

The parties' lack of consent to the Settlement Agreement was further illustrated during the hearing because the Robbinses expressly relied on section 11 of the Settlement Agreement to support their position that the parties had agreed that the Settlement Agreement should be approved and entered as the judgment of the court. Section 11 of the Settlement Agreement states that the parties "stipulate to the entry of judgment hereon." Instead of acknowledging and abiding by such stipulation, however, Le Jeune countered that the trial court should not enter judgment on the Settlement Agreement at that time.

We therefore conclude that the information before the trial court at the time it rendered judgment in this case was sufficient to put the trial court on notice that the parties no longer mutually consented to the Settlement Agreement. Thus, the trial court should not have rendered an agreed judgment based on the Settlement Agreement. *See Burnaman*, 150 Tex. at 339, 240 S.W.2d at 291-92.

When one party withdraws consent before judgment is entered on a written settlement agreement, the agreement may still be enforced as a contract. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Padilla*, 907 S.W.2d at 461; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a) ("If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract."); TEX. R. CIV. P. 11. The judgment in such case, however, is not an agreed judgment but a judgment enforcing a binding contract. *Padilla*, 907 S.W.2d at 461; *see Ford Motor Co.*, 279 S.W.3d at 663.

When consent is withdrawn, the party seeking enforcement of the settlement agreement must pursue a separate claim for breach of contract. *Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 461. The action must be based on proper pleading and proof. *Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 462. A motion seeking enforcement of the settlement agreement is a sufficient pleading to allow the trial court to render judgment enforcing the settlement, but only if the motion satisfies the general purposes of pleadings, which is to give the other party fair notice of the claim and the relief sought. *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 361 (Tex. App.—Corpus Christi

2007, orig. proceeding [mand. denied]); *Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.—Fort Worth 2003, no pet.).

Here, Scarlett's motion for judgment on the Settlement Agreement did not give Le Jeune fair notice of a breach-of-contract claim against him. The Robbinses instead acknowledge that they were not attempting to assert a breach-of-contract claim against Le Jeune at that time. Furthermore, section 11 of the Settlement Agreement could not excuse the pleading requirement because the parties no longer mutually consented to the Settlement Agreement when the trial court rendered judgment. *See Topham v. Patterson*, No. 10-06-00101-CV, 2007 WL 2051864, at *1 (Tex. App.—Waco July 18, 2007, no pet.) (mem. op.) (holding motion for consent judgment was not proper pleading to enforce settlement agreement lacking consent despite provision in settlement agreement calling for agreed judgment based on settlement). Therefore, Scarlett's motion was not a sufficient pleading to allow the trial court to render judgment enforcing the Settlement Agreement without Le Jeune's consent. *See Ford Motor Co.*, 279 S.W.3d at 663; *Padilla*, 907 S.W.2d at 462.

For the foregoing reasons, we hold that the trial court erred in rendering its Judgment Approving Settlement Agreement. We sustain Le Jeune's first issue. Having sustained Le Jeune's first issue, we need not reach his remaining three issues.

## CONCLUSION

We reverse the trial court's Judgment Approving Settlement Agreement and remand this case to the trial court for further proceedings consistent with this opinion.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Reversed and remanded
Opinion delivered and filed March 3, 2021
[CV06]

