**Affirmed and Remanded and Opinion Filed May 4, 2021**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00507-CV

**FREDRICK LAWRENCE COOPER, Appellant**
**V.**
**RENEE HUNTER COOPER, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-51931-2018**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

In this divorce action, appellant Fredrick Lawrence Cooper contends, among other things, that the trial court erred by entering an agreed judgment when his consent had been revoked prior to the judgment's rendition. We reverse in part and remand in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

Appellee Renee Hunter Cooper filed a petition for divorce against Mr. Cooper on March 29, 2018. Mr. Cooper filed a timely general denial answer.

At a July 9, 2019 hearing, the parties told the trial court they had reached an agreement regarding the division of their marital estate. Ms. Cooper's counsel stated:

Your Honor, the parties have agreed to—concerning the marital residence, the house is being awarded to Wife subject to her attempting to refinance the house. She has 30 days to begin the refinance process to obtain approval. If she fails to obtain approval within that 30 days, the house would then be put on the market for sale and the parties will split the proceeds.

The parties are dividing up their various retirement accounts. There's three known accounts. . . . The parties are going to provide updated statements that would determine the current value of those accounts. All of the awards of the accounts are as of today's date.

Ms. Cooper's counsel also stated that the agreement's terms required Mr. Cooper to produce his bank statements dating back to March 29, 2018, for inspection regarding "any wild withdrawals or transfers" that might "affect the distribution of the agreement."

Mr. Cooper and Ms. Cooper testified they accepted the agreement recited into the record. The trial court stated, "Then, based on the testimony, the Court does accept and approve the agreement of the parties and I adopt and render them as the order of the Court. I also grant the divorce today and will sign the order whenever it's submitted to me." Additionally, after a brief discussion with the parties' counsel, the trial court set the "motion to enter" for early September and stated, "Obviously, if you reach an agreement before then, I will happily sign the order so no one has to appear on that date."

The motion to enter was continued to October 18, 2019. At the start of that proceeding, Ms. Cooper's counsel asked the trial court for a "reset" because "we can't settle the case without the additional documents, bank records that we were going to get and agreed to before the Court at the time when we read the agreements

–2–

of the parties on the record." Mr. Cooper's counsel asserted he had provided all records required under the agreement. Ms. Cooper's counsel disagreed and stated, "[W]e're asking the Court to maybe set a final trial and hear our motion going forward as we just don't have the [July 9, 2019 transcript] today to determine what the agreement we reached was." The trial court stated it would "set this for final trial" in forty-five days.

On November 22, 2019, the parties appeared before a visiting judge regarding several motions to compel discovery. The parties stated they had reached an agreement "to abide by what was read into the record in terms of the agreements for the divorce on July 9th of 2019." Mr. Cooper and Ms. Cooper each testified they agreed. The visiting judge stated, "Okay. The agreements of the parties, as far as these property issues, is approved. So, if you'll incorporate that into the decree, then it will be signed whenever you submit it."

On February 3, 2020, both parties' counsel appeared at a "motion to enter" proceeding without their clients present. The trial court stated it had the transcript from "the July divorce prove-up." The parties' counsel disagreed in several respects as to "what the decree should look like." In particular, Mr. Cooper's counsel argued that because Ms. Cooper did not "actually complete" refinancing within thirty days after the July hearing, the marital residence should be sold and the proceeds divided equally. Ms. Cooper's counsel asserted she was required only to "begin the refinance process" within thirty days and had met that deadline. The refinancing was currently

pending. The trial court stated "[w]e will use wife's language" as to the refinancing requirement. The parties' counsel also disputed whether all retirement accounts had been disclosed. They agreed that any undisclosed retirement accounts that were not otherwise separate property would be awarded to the opposing party. The trial court directed the parties' counsel to "sit down in one of these rooms and go over [the decree] to interlineate," then "bring the decree back to the bailiff."

In a February 4, 2020 letter filed in the trial court, Mr. Cooper's counsel stated:

The following provision was left out of the proposed decree at page 5 of 14:

R-8. Upon the sale or refinance of the real property, indicated in P-1, [Mr. Cooper] is to receive Fifty-Percent (50%) of the net sales or cash-out proceeds (defined as the gross sales price or loan appraised value less cost of sale or loan amount refinanced and full payment of any mortgage indebtedness or liens on the property).

There is also an edit to Undisclosed Assets, page 8 - Should it be determined that any non-disclosing party has not disclosed a known retirement account that would not otherwise be separate property, including 401(k)s, IRA's, pensions, etc., existing prior to the date of entry of this decree, then in such case that asset shall be awarded to the other party.

I have attached the correct version of the decree for the Court's signature on Thursday, February 6th, with the appropriate language.

Thank you. If there are any questions, please do not hesitate to contact me.

On February 6, 2020, Mr. Cooper obtained new counsel, who entered an appearance and filed an "Objection to Entry of Final Decree" that morning. The objection stated, "The current form of the Final Decree of Divorce is not in

conformity with the agreements made in this matter. . . . Fredrick Cooper respectfully requests that this Court not sign the Final Decree of Divorce . . . ."

The trial court signed the "Agreed Final Decree of Divorce" on February 6, 2020. A provision in the decree stated it was "approved as to form only" by the parties' attorneys, with undated signatures of Ms. Cooper's counsel and Mr. Cooper's former counsel. Neither party signed the decree. The decree did not contain the edits Mr. Cooper's former counsel requested in the February 4 letter, but rather awarded Ms. Cooper the marital residence subject to her "refinancing the mortgage note in [her] sole name."

On February 10, 2020, Mr. Cooper requested findings of fact and conclusions of law and filed a "Motion to Modify, Correct, or Reform Judgment." His motion contended that the property awarded to him "should include an award of fifty percent (50%) of the community equity in the residence . . . upon refinance or sale of the residence by [Ms. Cooper]." Following a hearing, the trial court denied that motion.

Mr. Cooper filed a March 3, 2020 motion for new trial based on that same contention. In his reply to Ms. Cooper's response to that motion, he stated, "There was ongoing issues regarding the interpretation of the decree terms which prohibited an agreed decree being entered." The trial court denied Mr. Cooper's motion for new trial. The trial court also issued March 19, 2020 findings of fact and conclusions of law in which it stated:

> 6. The Court finds the parties entered into an agreement on July 9, 2019, in which the parties appeared with counsel and wherein the parties were

sworn and their testimony heard; the agreement of the parties was read into the record; the Court accepted and approved the agreement of the parties and further adopted the agreement and rendered it as an order of the Court on that date.

7. The Court finds the parties entered into a further agreement on November 19, 2019 [sic] in which the parties appeared with counsel and wherein the parties were sworn and their testimony heard; the further agreement of the parties was read into the record; the Court accepted and approved the further agreement of the parties and further adopted the agreement and rendered it as an order of the Court on that date.

. . . .

9. The parties submitted an Agreed Final Decree of Divorce, signed by counsel of the parties. At the time of submission of the final decree of divorce, counsel for both parties stipulated the submitted final decree of divorce represented the parties' agreement.

**Analysis**

A Rule 11 agreement is an agreement between parties or attorneys touching any pending suit that, to be enforceable, must be either (1) in writing, signed and filed as part of the record, or (2) made in open court and entered of record. TEX. R. CIV. P. 11. Even if the parties enter into a valid Rule 11 agreement to settle a case, the parties must consent to the agreement at the time the trial court renders judgment. *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex.1984). "For a valid consent judgment to exist, it is not sufficient that the parties may have at some time consented; the parties must explicitly and unmistakably give consent, and their consent must exist at the very moment the court undertakes to make the agreement the judgment of the court at rendition." *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi–Edinburg 1995, no writ) (citing *Kennedy*, 682 S.W.2d at 528).

A rendition of judgment is the pronouncement of the trial court of its decision upon the matters submitted to it for adjudication. *Gamboa v. Gamboa*, 383 S.W.3d 263, 270 (Tex. App.—San Antonio 2012, no pet.). The decision can be oral or written. *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex. 1995) (per curiam). "Regardless of the language used and the trial court's pronouncements, judgment is not rendered unless the trial court acts with the present intent to render a full, final, and complete judgment that resolves all issues." *In re Rivkin*, No. 05-20-00124-CV, 2020 WL 2316071, at *2 (Tex. App.—Dallas May 11, 2020, orig. proceeding) (mem. op.); *see S&A Rest. Corp.*, 892 S.W.2d at 858 ("The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed."). For example, a ruling is not considered final when it includes language indicating a final order will be rendered in the future. *Rivkin*, 2020 WL 2316071, at *2; *see Gamboa*, 383 S.W.3d at 270 (concluding trial court did not render final judgment despite stating it was "granting the divorce effective today" and approving settlement agreement, when it also stated it wanted to get final agreement done, set deadline for parties to complete final agreement, and told them they could return to court if they could not agree on resolution of issues). In determining whether judgment was rendered, "[a]n appellate court may consider the pronouncements of the trial court in the context in which they occurred." *In re Penney*, No. 05-14-00503-CV, 2014 WL 2532307, at *2 (Tex. App.—Dallas June 4, 2014, orig. proceeding) (mem. op.).

A party has the right to revoke his consent at any time before the court renders judgment. *Sohocki*, 897 S.W.2d at 424 (citing *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874 (Tex. 1982) (per curiam)). "A judgment based on an agreement cannot be rendered, even if the requirements of Rule 11 are met, if the consent of one of the parties has either been withdrawn or is lacking at the time the agreed judgment is rendered; such judgment is void." *Id*. (citing *Kennedy*, 682 S.W.2d at 528–529; *Samples*, 640 S.W.2d at 875). When a trial court has knowledge that a party to a suit does not consent to a judgment, it should refuse to sanction the agreement by making it the judgment of the court. *Id*. (citing *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951)). The proper inquiry is whether the information in the trial court's possession is clearly sufficient and of such a nature as to put the court on notice that a party's consent is lacking and to require the court to make further inquiry before rendering judgment. *Id*. An agreed judgment will be set aside if rendered "when the court is in possession of information which is reasonably calculated to prompt the court to make further inquiry into the party's consent thereto, which inquiry, if reasonably pursued, would disclose the want of consent." *Burnaman*, 240 S.W.2d at 291–92; *see also Le Jeune v. Robbins*, No. 10-16-00360-CV, 2021 WL 824991, at *2 (Tex. App.—Waco Mar. 3, 2021, no pet.) (mem. op.) ("[T]he trial court is on notice that mutual consent is lacking when parties to a settlement agreement submit conflicting motions for entry of judgment.").

Generally, family law issues are reviewed under an abuse of discretion standard. *See In re W.R.B.*, No. 05-12-00776-CV, 2014 WL 1008222, at *2 (Tex. App.—Dallas Feb. 20, 2014, pet. denied) (mem. op.); *see also Tidwell v. Tidwell*, No. 08-17-00120-CV, 2019 WL 4743685, at *2 (Tex. App.—El Paso Sept. 30, 2019, no pet.) (mem. op.) (trial court's decision regarding enforcement of Rule 11 agreement is reviewed for abuse of discretion). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without any reference to guiding rules and principles. *E.g.*, *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review. *E.g.*, *In re I.B.*, No. 05-18-01429-CV, 2019 WL 5884406, at *2 (Tex. App.—Dallas Nov. 12, 2019, no pet.) (mem. op.). As a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion. *Id*. (citing *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied)). To determine whether the trial court abused its discretion we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *Id*. (citing *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.)).

In his first issue, Mr. Cooper asserts the trial court abused its discretion by entering the judgment in question because he "revoked his consent to any settlement agreement before judgment was rendered." He contends that though "the trial court

purports to have rendered judgment on July 9," he and Ms. Cooper "still had to agree to a series of remaining items before a decree could be drafted."

The record shows that as of July 9, 2019, the parties had not completed production of documents that could affect the terms of the agreement. At the hearing on that date, the trial court stated that "based on the testimony, the Court does accept and approve the agreement of the parties and I adopt and render them as the order of the Court. I also grant the divorce today and will sign the order whenever it's submitted to me." But the trial court then set the "motion to enter" for eight weeks away and stated, "Obviously, if you reach an agreement before then, I will happily sign the order so no one has to appear on that date." On October 18, 2019, Ms. Cooper's counsel asked the trial court for a "reset" because "we can't settle the case without the additional documents." Thus, the record demonstrates the trial court and parties were aware that all issues had not been resolved as of July 9, 2019.

"Regardless of the language used and the trial court's pronouncements, judgment is not rendered unless the trial court acts with the present intent to render a full, final, and complete judgment that resolves all issues." *Rivkin*, 2020 WL 2316071, at *2; *see also Penney*, 2014 WL 2532307, at *2 (appellate court "may consider the pronouncements of the trial court in the context in which they occurred"). Here, the record does not show that on July 9, 2019, the trial court acted with "the present intent to render a full, final, and complete judgment that resolves all issues." *Rivkin*, 2020 WL 2316071, at *2; *see Gamboa*, 383 S.W.3d at 270; *see*

*also S&A Rest. Corp.*, 892 S.W.2d at 858 (fact that trial court believed it had rendered judgment during hearing was not dispositive).

Ms. Cooper argues that on November 22, 2019, "[t]he court again rendered judgment . . . in conformity with request of the parties and their announced agreement." Though the record shows the visiting judge at the November 22, 2019 hearing stated that "[t]he agreements of the parties, as far as these property issues, is approved," approval of a settlement does not necessarily constitute rendition of judgment. *S&A Rest. Corp.*, 892 S.W.2d at 857. "The words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id*. at 858. Nothing in the record shows that the visiting judge's "approval" of the parties' agreements regarding certain property issues indicated "the present intent to render a full, final, and complete judgment." *Rivkin*, 2020 WL 2316071, at *2.

Additionally, the trial court stated in its findings of fact, "At the time of submission of the final decree of divorce, counsel for both parties stipulated the submitted final decree of divorce represented the parties' agreement." But the critical point at which consent must exist is rendition. *See Sohocki*, 897 S.W.2d at 424. Prior to the trial court's February 6, 2020 rendition of judgment in this case, Mr. Cooper's counsel filed the February 4, 2020 letter describing provisions "left out of the proposed decree." At the very least, this put the trial court on notice to inquire as to Mr. Cooper's lack of consent to the submitted decree. *See Burnaman*, 240 S.W.2d at

291–92; *Le Jeune*, 2021 WL 824991, at \*2. Thus, the trial court abused its discretion by rendering an agreed judgment based on the parties' purported property settlement agreement. In light of that conclusion, we need not address Mr. Cooper's two remaining issues, which assert independent challenges to that purported agreement.

**Conclusion**

The only issue we sustain on appeal affects the division of property.[1] *See Gamboa*, 383 S.W.3d at 274. The Texas Rules of Appellate Procedure provide that if an error affects part but not all of the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. TEX. R. APP. P. 44.1(b); *see also Gamboa*, 383 S.W.3d at 274; *Brown v. Brown*, 917 S.W.2d 358, 363 n.4 (Tex. App.—El Paso 1996, no writ) (recognizing that appellate court may reverse one portion of divorce decree while affirming remainder).

Thus, in accordance with Rule 44.1(b), we reverse the portion of the trial court's judgment pertaining to the division of property and remand this cause to the trial court for further proceedings regarding the property division. *See* TEX. R. APP. P. 44.1(b). We affirm the trial court's divorce judgment in all other respects, including the granting of the divorce and Ms. Cooper's name change.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

200507f.p05

---

[1] During oral submission before this Court, counsel for Mr. Cooper stated he is not challenging the trial court's granting of the divorce and does not contest that divorce was properly granted.



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

FREDRICK LAWRENCE COOPER, Appellant

No. 05-20-00507-CV          V.

RENEE HUNTER COOPER, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-51931-2018.
Opinion delivered by Justice Carlyle. Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment regarding the division of property. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings regarding the property division consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 4th day of May, 2021.